Catron, Ch. J.
delivered the opinion of the court.
Can a person holden in slavery, but who by a suit has established her right to freedom, bring a second suit to recover for profits, produced by her labor, to him who held her as a slave ?
Is the first suit in winch nominal damages were recovered, an estoppel to a second recovery? Both the actions are in trespass vi et armis. But the first for freedom tries the title, as aneject ment in cases of land; slave or no slave, is the issue, which has never been holden in this State to involve the question of hire. We borrowed the form of action from our sister States, especially Virginia, where the same rule of practice prevails. Pleasants vs. Pleasants, 2 Call’s Rep. 277, 293, 299. That the slave cannot sue the master, is a general rule; a suit for freedom tries the fact whether the plaintiff is a slave. This established by a verdict and judgment, concludes the defendant to the suit for freedom, from controverting the right, as in cases of ejectment, where trespass quare clausum fregit is brought to recover mesne *304 profits. Bull. N. P. 87. But the judgment in the freedom suit, will only relate to its commencement, and estop the defendant to that time: if wages and damages for previous time, and because of previous abuse, are claimed, the controversy will again result in one of title. This is in analogy to the rent for mesne profits of land, in which case the recovery in ejectment is conclusive evidence of title from and after the commencement of the action; before, the right has not been adjudged. B. N. P. 87: Adams, 333-4-5. The defendant, Crenshaw, being estopped to controvert the freedom of Matilda, or to say he rightfully held her to service from and after the commencement of the suit for title, -and her capacity to sue having been established; the next question is, howmuch can she recover? The defendant has pleaded not guilty, and not guilty one year before the commencement of this action. On these pleas, a case agreed is made up, which submits the right of the parties, with the whole law of the case, to court.
By the statute of limitations of 1715, actions of trespass on the person, and of false imprisonment, must be brought within one year next after the cause of action accrued. But the 9th section saves the right to sue, to persons imprisoned, until one year after they are at large. The act of North Carolina is a substantial copy from the 21 Jac. I, which had no reference to a state of domestic slavery; yet a person held as a slave, is controlled and compelled to act by the will of another, and is in fact and law, imprisoned, although not within the four walls of a jail. That Matilda was imprisoned, and falsely, the defendant is estopped of record to deny. Co. Litt. 253: Bull. N. P. 22. Until he ceased to hold and control her as a slave, she was imprisoned, and the statute did not run. Before the expiration of one year after she was set at liberty, she brought the present action. Prom the 15th of June, 1825, to the day of April, *305 1827, she is entitled to recover at the rate of $20 per annum.
Matilda spent fifty dollars in prosecuting, her suit for freedom. It is admitted the expense was necessary. Can this be recovered in the present action? Nothing is better settled than that things may be laid in aggravation of damages, and that the whole damage sustained by the tort, may be recovered in actions of trespass vi et armis, or trespass quare clausum fregit. Bull. N. P. 21, 89: Adams, 332-3. The fifty dollars will be added to the wages; the judgment below be reversed, and judgment entered for plaintiff.
Judgment reversed.